( Decided November 28th, 1866.)

---

DANIEL McCANN ET AL., ADM'RS., &C., *vs.* JAMES SLOAN AND LUCIEN B. CALWELL.

PRACTICE IN COURT OF APPEALS: PROCEDENDO.—Under a true construction of the CODE, ART. 5, SEC. 16, to authorize the granting of the writ of *procedendo*, the propriety of a new trial must appear from the record before the Court at the time of the reversal or affirmance of the case under consideration. Any other construction would convert the Court of Appeals into a tribunal of original instead of appellate jurisdiction.

A motion for a *procedendo* after judgment affirmed without granting the writ, based upon the affidavit of a witness to supply a defect of evidence in the record, on the ground that it is new evidence discovered since the trial of the cause below, is virtually a motion for a new trial for reasons not appearing in the record.

APPEAL from the Court of Common Pleas of Baltimore city.

This was a motion for a *procedendo* filed in the case of *McCann & Nussear vs. Sloan & Calwell*, heretofore decided in this Court, and reported in 25 *Md. Rep.*, 575. The circumstances under which the motion was made are stated in the opinion of this Court.

The motion was heard by BOWIE, C. J., and BARTOL, GOLDSBOROUGH and WEISEL, J.

*O. Miller* for the motion.

11    vol. 26

*A. H. Hobbs* contra.

Bowie, C. J., delivered the opinion of this Court.

The 5th Article of the Code, sec. 16, enacts, that "in all cases where judgments shall be reversed or affirmed by the Court of Appeals, and it shall appear to the Court that a new trial ought to be had, a writ of *procedendo* shall issue."

It is obvious from the language of this section, as well as the final character of decisions in this Court, that the propriety of a new trial must appear from the record before the Court, at the time of the reversal or affirmance of the case under consideration.

Any other construction would convert this Court into a tribunal of original, instead of appellate jurisdiction. When this case was under consideration, the question of *procedendo* was presented to the minds of the Court, and the conclusion reached, that there was no ground for the writ. The appellants now seek to change the decision of the Court, by presenting an affidavit of a witness to supply a defect of evidence in the record, on the ground that it is new evidence discovered since the trial of this case. This is virtually a motion for a new trial, for reasons not appearing in the record.

It is the misfortune of the plaintiff that he should have gone to trial without being prepared with full proof of his claim. If he relied upon the original entries in the plaintiff's books, he must have shown the absence or death of all the book-keepers, and laid a sufficient foundation to shew the books were the books of original entries, to make their contents evidence. The appellants attempted, at the trial below, to prove by certain witnesses, that certain books referred to in the bill of exceptions, were the books of original entries, which testimony being excepted to, was ruled out, and the ruling has been affirmed upon this appeal.

Failing in this, the appellants now apply for a *proce-dendo*, "because of newly discovered evidence of the said books of original entries since the trial of this case below. This motion is not sustained as is required upon motions for a new trial, by an affidavit of the appellants, that the testimony has been discovered since.

On the contrary, the deponent, whose deposition is relied on as the basis of the motion, was a salesman of the appellants, and in the absence of all proof to the contrary, his existence is presumed to have been known to the appellants, and his absence alone was not sufficient ground to warrant the admission of secondary proof. If the Court had the power, it would be a precedent of dangerous tendency to award a *procedendo* under such circumstances. Without regard to these, the motion is overruled, because the record does not show that a new trial ought to be granted.

*Motion overruled.*